UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOEY RAMOS, <br> an individual, <br>     PLAINTIFF, <br> v. <br> MICHAEL E VASSAR AND GEORGE J VASSAR AS CO-TRUSTESS FOR MICHAEL E VASSAR AND GEORGE J VASSAR NONEXEMPT LIFETIME TRUSTS, <br>     DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * Case No. 22-CV-648 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT

Plaintiff JOEY RAMOS ("RAMOS" or "Plaintiff") hereby sues Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR AS CO-TRUSTEES FOR MICHAEL E VASSAR AND GEORGE J VASSAR NONEXEMPT LIFETIME TRUSTS, (hereinafter "Defendants") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants', MICHAEL E VASSAR AND GEORGE J VASSAR's, failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Western District of Texas in the Austin Division pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendants' property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, JOEY RAMOS, is and has been at all times relevant to the instant matter, a natural person residing in Texas and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA.

5. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make him home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning to the Subject Property as soon as it is accessible ("Advocacy Purposes").

8. Defendant, MICHAEL E VASSAR, is an individual serving as a trustee for a trust conducting business in the State of Texas and within this judicial district.

9. Defendant, GEORGE J VASSAR, is an individual serving as a trustee for a trust conducting business in the State of Texas and within this judicial district.

## FACTUAL ALLEGATIONS

10. On or about February of 2022, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron to the Poco Loco Supermercado #2 Strip Mall located at 611 W Ben White Blvd Austin TX 78704 ("Subject Facility", "Subject Property").

11. MICHAEL E VASSAR AND GEORGE J VASSAR are the co-trustees of two trusts which are the owners, lessors, and/or operators/lessees of the real property and improvements that are the subject of this action, specifically the Poco Loco Supermercado #2 Strip Mall and its attendant facilities, including vehicular parking and common exterior paths of travel within the site identified by the Travis County Assessor parcel identification number 312676 ("Subject Facility", "Subject Property").

12. Plaintiff lives within thirty (30) miles of the Subject Property. Because the Subject Property is located on W Ben White Blvd, a Travis County thoroughfare that he frequents routinely, he is routinely where the Subject Property is located and travels in and about the immediate area of the Subject Property numerous times every month, if not every week.

13. Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of him disabilities, and he will be denied and/or limited in the future unless and until Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

14. Plaintiff has visited, i.e. attempted to patronize, the Subject Property on multiple prior occasions, and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

15. Plaintiff intends on revisiting the Subject Property to enjoy the same experiences, goods, and services available to Defendants' non-disabled patron as well as for Advocacy Purposes, but does not intend to continue to repeatedly re-expose himself to the ongoing barriers to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business of public accommodation known to Plaintiff to have numerous and continuing barriers to equal access for wheelchair users.

16. Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

17.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18.     The Subject Property is a public accommodation and service establishment.

19.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

20.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

21.     The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

22.     Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in him capacity as a patron at the Subject Property and as an independent advocate for the disabled, but could not fully do so because of him disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit him

access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

23. Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of the Subject Property but will be unable to fully do so because of him disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit him access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

24. Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR, have discriminated against Plaintiff (and others with disabilities) by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

25. Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR, will continue to discriminate against Plaintiff and others with disabilities unless and until MICHAEL E VASSAR AND GEORGE J VASSAR, are compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

26. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

### ACCESSIBLE ROUTES/PARKING
(Exterior)

a. There is no van accessible parking identified as such with upright "Van Accessible" signage in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

b. The paint delineating the accessible parking spaces and access aisles is not being maintained so that it clearly marks the accessible parking location in violation of 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and

Section 502.3.3 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

c. The purported accessible parking spaces are not level in all directions and have areas of uneven, broken and cracked pavement because of Defendant's history and practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

d. The designated accessible parking spaces are not located on the shortest accessible route from parking to the accessible entrance in violation of Section 4.6 of the 1991 ADAAG and Sections 208.3.1 and 502 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

e. The visible upright signage (displaying the International Symbol of Accessibility) designating parking spaces as accessible is mounted too low in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

f. The accessible route along the storefront curb on the Subject Facility was obstructed by vehicles parked in spaces abutting the accessible route because no parking stops are provided at said parking spaces. This allows

parked vehicle overhangs to reduce the width of the path of travel to less than 36 inches wide for more than 24 linear inches in violation of Section 4.3 of the 1991 ADAAG and Section 403.5.1 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

g. There is no accessible route provided within the site from the public sidewalk which serves the facility. Violation: There is no accessible route connecting the public sidewalk serving the subject facility and any accessible entrance(s) in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.1 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

### RAMP

h. The ramp to the accessible entrance (the only means of access to wheelchair users) has a run which exceeds the maximum slope requirement (8.33%) set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

i. The access aisle adjacent to the designated accessible spaces has a curb ramp projecting into it and/or has surfaces which are otherwise not level in all directions in violation of 28 CFR § 36.211, Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

j.  The curb ramp leading to the entrance of the Subject Property from the parking facility has flared sides, which are steeper than 1:10. This is in violation of 28 CFR § 36.211, 4.7.5 of the 1991 ADAAG, and 406.3 of 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity.

## MAINTENANCE PRACTICES

k.  Defendants have a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendants' able-bodied customers causing Plaintiff loss of opportunity.

l.  Defendants have a practice of failing to maintain the accessible elements at the Subject Facility by neglecting their continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendants have failed and continue to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as

        Defendants' able-bodied patrons and caused Plaintiff loss of opportunity.

    m. Defendants have failed to modify their discriminatory maintenance practices to ensure that, pursuant to their continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendants prevented access to the plaintiff equal to that of Defendants' able-bodied customers causing Plaintiff loss of opportunity.

27. The discriminatory violations described above are not an exhaustive list of the Defendants' current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the defendant does not intend to comply with the ADA.

28. The Defendants have a practice of failing to maintain the accessible elements at the Subject Property by neglecting their continuing duty to review, inspect, and discover transient accessible elements which by the nature of its design

or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendants have failed and continue to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Property in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Property as Defendants' able-bodied patrons.

29. Accessible elements at the Subject Property have been altered and/or constructed since 2010.

30. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

31. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32. Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

33. Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

34. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendants.

35. Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendants have the financial resources to make the modifications, including the financial assistance made available to Defendants by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

36. By continuing to maintain and/or operate the Subject Property with discriminatory conditions in violation of the ADA, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations

available to able bodied individuals of the general public.

37. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendants have failed to comply with this mandate.

38. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

39. Plaintiff's requested relief serves the public interest.

40. Plaintiff's counsel is entitled to recover him reasonable attorneys' fees and costs of litigation from Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR, pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

41. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendants to fulfill their continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendants, MICHAEL E VASSAR AND GEORGE J VASSAR, to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants,

      pursuant to 28 C.F.R. §36.211, to fulfill their continuing duty to maintain their accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.    That the Court enter an Order directing Defendants to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E.    That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.    An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205 and an award of monitoring fees associated with insuring that the Defendants are in compliance with the ADA.

G.    An award of interest upon the original sums of said award of attorneys' fees, costs (including expert fees), and other expenses of suit; and

H.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 5th day of July, 2022.

                Respectfully submitted,
                By: */s/ Matthew Sapp, Esq.*
                Matthew Sapp
                Counsel for Plaintiff
                Texas State Bar No.: 24075016
                18756 Stone Oak Pkwy, #200

        San Antonio, TX 75258
        Telephone: 469-381-6833
        Email: matt@sappsturgill.com


        By: */s/ K. Michael Sturgill, Esq.*
        K. Michael Sturgill
        Counsel for Plaintiff
        Texas State Bar No.: 24075588
        18756 Stone Oak Pkwy, #200
        San Antonio, TX 75258
        Telephone: 214-504-6318
        Email: mike@sappsturgill.com


**DEFENDANTS TO BE SERVED:**
MICHAEL E VASSAR AND GEORGE J VASSAR
NONEXEMPT LIFETIME TRUSTS
2600 VIA FORTUNA DR #140
AUSTIN TX 78746-7973